IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TESFAYE ALEME,

        Petitioner,

v.

DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES,

        Respondent.

No. 3:19-mc-00101-HZ

OPINION & ORDER

Cole Enabnit
Portland Immigration Law LLC
18510 E Burnside Street, Suite E
Portland, Oregon 97233

    Attorney for Petitioner

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon

1 – OPINION & ORDER

Alison Milne
ASSISTANT UNITED STATES ATTORNEY
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Respondent

HERNÁNDEZ, District Judge:

Petitioner Tesfaye Aleme seeks an order from the Court instructing the United States Citizenship and Immigration Services ("USCIS") to amend the date of birth appearing on his naturalization certificate. I deny the petition.

## BACKGROUND

Petitioner is a naturalized United States citizen and a native of Ethiopia. In 1984, he left Ethiopia to avoid persecution and imprisonment and was granted asylum in Kenya. He applied for refugee status in the United States in 1988. CAR 43-61.[1] With his refugee application, Petitioner completed a "G-325C" Form issued by Immigration and Naturalization Services ("INS").[2] *Id*. at 55. There, he listed his birth date as September 12, 1958. *Id*. Petitioner was admitted to the United States as a refugee in August 1988. *Id*. at 13. Thereafter, Petitioner applied for naturalization. INS approved Petitioner's application and issued his naturalization certificate on January 25, 1996. *Id*. at 140. Petitioner's naturalization certificate bears his signature and lists April 12, 1958, as his birth date. *Id*.

---

[1] Citations to "CAR" refer to the Certified Administrative Record, ECF 14.
[2] INS was abolished in March 2003. Its functions were split into two separate agencies within the Department of Homeland Security, one of which—USCIS—is the Respondent in this case. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2142 (2002), 6 U.S.C. §§ 101-557.

2 – OPINION & ORDER

In February 2018, Petitioner submitted a USCIS Form N-565, entitled "Application for Replacement Naturalization/Citizenship Document." *Id*. at 73–82. There, he listed his birth date as April 12, 1950, rather than April 12, 1958. *Id*. at 73, 75. Petitioner explained that the change was due to the eight-year difference between the Ethiopian and Gregorian calendars. *Id*. at 75.

In response to Petitioner's application, USCIS informed Petitioner that he needed to submit additional evidence. USCIS told him that because he was naturalized by a district court before Congress amended the Immigration and Nationality Act (1986) by passing the Immigration Act of 1990 ("IMMACT 90")—which transferred naturalization authority from the district courts to the Attorney General—USCIS could change the birth date on his naturalization certificate only if a district court ordered the amendment.[3] *Id*. at 88. Following USCIS's instructions, Petitioner asked this Court to order USCIS to amend his naturalization certificate. Mot. for Order, ECF 1.

## STANDARDS

As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and Statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, a court cannot consider the merits of a case unless it first determines that it has subject matter jurisdiction over the matter. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The court has an "independent obligation to determine whether subject matter jurisdiction exists.") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).

---

[3] USCIS later denied Petitioner's application and provided instructions to Petitioner about how to appeal its decision. CAR 68–69. Petitioner has not done so. Resp't Resp. to Pet. at 5.

Congress divested the courts of jurisdiction over the naturalization process—including amendments to naturalization certificates—with the IMMACT 90. Immigration Act of 1990, Pub. L. No. 101-649, § 401(a), 104 Stat. 5046 (1990) (codified at 8 U.S.C. § 1421(a)). Title 8, Section 338.5 of the Code of Federal Regulations governs correction of naturalization certificates. Section 338.5 provides that USCIS may correct a Certificate of Naturalization "which does not conform to the facts shown on the application for naturalization" or exhibits some clerical error. 8 C.F.R. § 338.5(a). Section 338.5 does not create subject matter jurisdiction. *Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs.*, 820 F.3d 1106, 1111 (9th Cir. 2016).

## DISCUSSION

Before considering the merits, the Court must first determine whether it has the authority to amend—or to require USCIS to amend—Petitioner's Certificate of Naturalization. Before 1991, federal courts had "exclusive jurisdiction to naturalize persons as citizens" of the United States. *Gorbach v. Reno*, 219 F.3d 1087, 1089 (9th Cir. 2000) (en banc). Courts also had the authority "to correct, reopen, alter, modify, or vacate [a] judgment or decree" naturalizing a person. 8 U.S.C. § 1451(i) (1988) *amended by* 8 U.S.C. § 1451(h) (1990). The IMMACT 90—which became effective on October 1, 1991—vested the executive branch with exclusive naturalization authority. *Gorbach*, 219 F.3d at 1089 ("the power to naturalize plainly was shifted by the 1990 amendment from the courts to INS"). By extension, the IMMACT 90 transferred the power to reopen, alter, and modify naturalization decrees from the courts to the Attorney General. *Compare* 8 U.S.C. § 1451(i) (1988) *with* 8 U.S.C. § 1451(h) (1990); *Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs.*, 820 F.3d 1106, 1110 (9th Cir. 2016) ("[n]othing in the Immigration Act of 1990 grants [courts] jurisdiction to amend an agency-

issued certificate of naturalization or to order USCIS to do so"). Congress's transfer of authority to naturalize aliens from the courts to the Attorney General rescinded the courts' jurisdiction to modify naturalization certificates. *Id.* (citing *McKenzie v. U.S. Citizenship & Immigration Servs.*, 761 F.3d 1149, 1156 (10th Cir. 2019)). However, courts retained the jurisdiction to amend naturalization certificates that were issued before the IMMACT 90 because modification of those certificates is governed by the earlier Immigration and Naturalization Act, which vested jurisdiction with the courts. *Collins v. U.S. Citizenship & Immigration Servs.*, 820 F.3d 1096, 1099–1100 (9th Cir. 2016).

Petitioner naturalized administratively in 1996, CAR 86, after IMMACT 90 vested jurisdiction to amend naturalization certificates with the Attorney General. As a result, this Court lacks jurisdiction to amend Petitioner's Certificate of Naturalization.

CONCLUSION

The Court lacks subject matter jurisdiction over this case. Petitioner's Petition for Correction of Naturalization Certificate/Change of Date of Birth [3] and Motion for Order for Change of Birth Date [1] are dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED:＿＿December 27, 2019＿＿.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge